1  Brittany Thaler
   9502 E. Olla Cir
2  Mesa, AZ 85212
   Tel: PROTECTED INFORMATION
3  Email: bthaler@iprotech.com
   Defendant, in proper person

4

**FILED**
CLERK, U.S. DISTRICT COURT

# 6/4/21

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____RF_____ DEPUTY

5

6                UNITED STATES DISTRICT COURT FOR THE
                   CENTRAL DISTRICT OF CALIFORNIA

7  JOHN H. THALER,                    )  Case No.:  2:21-cv-02892-DSF-AS
                                      )
8          Plaintiff,                 )  **MOTION TO DISMISS**
                                      )  **DEFENDANT BRITTANY**
9      vs.                            )  **THALER FOR LACK OF *IN***
                                      )  ***PERSONAM* JURISDICTION**
10 BRITTANY RAE THALER, et al.        )
                                      )
11         Defendants.                )
                                      )
12                                    )
   _____ )
13

14      Defendant BRITTANY RAE THALER ("Ms. Thaler" or Defendant), in

15 pro per, moves this Court to dismiss the above-captioned action as to Ms. Thaler,

16 only, for lack of personal jurisdiction.  No court in the state of California is able

17 to adjudicate such matters because they require *in personam* jurisdiction over

18 Ms. Thaler pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, and the

19 constitutional requirements of due process.

20      Plaintiff bears the burden of establishing that personal jurisdiction exists.

21 *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)

(citation omitted). Where, as here, the Court is asked to resolve the motion on the parties' briefs and affidavits, rather than hold an evidentiary hearing, Plaintiff need only make a prima facie showing of personal jurisdiction. *Rano v. Sipa Press, Inc*., 987 F.2d 580, n. 3 (9th Cir. 1993). "That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Doe v. Unocal Corp*., 248 F.3d 915, 922 (9th Cir. 2001) (quotations and citation omitted). In determining whether Plaintiff has made a prima facie showing, the Court is bound by the following principles: (1) uncontroverted allegations in Plaintiff's Complaint are taken as true; (2) conflicts between the facts contained in the parties' affidavits must be resolved in Plaintiff's favor; and (3) all evidentiary materials are construed in the light most favorable to Plaintiff. *Ochoa v. J.B. Martin & Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002).

The Court's exercise of personal jurisdiction over a nonresident must comport both with California's long-arm statute (Cal. Code Civ. Proc § 410.10) and with federal constitutional requirements of due process. California's long-arm statute confers personal jurisdiction to the extent federal due process allows. Id. Thus, the jurisdictional inquiry collapses into a single analysis of due process. Id. Absent traditional bases for personal jurisdiction (physical presence, domicile or consent), due process requirements are satisfied when the defendant has "certain minimum contacts with the forum such that the maintenance of the

suit does not offend traditional notions of fair play and substantial justice."
*Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct.
1868, 1872, 80 L.Ed.2d (1984) (quotations omitted) (citing Int'l Shoe Co. v.
Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The test
for minimum contacts is not susceptible to mechanical application; rather, the
facts of each case must be weighed to determine whether the requisite affiliating
circumstances are present. See *Kulko v. Superior Ct.*, 436 U.S. 84, 92 (1978). A
court cannot obtain personal jurisdiction over a defendant unless there is "some
act by which the defendant purposefully avails [himself] of the privilege of
conducting activities within the forum state. *Asahi Metal Industry Co. v.
Superior Court*, 480 U.S. 102,108-109 (1987).

In the case before this Court, Defendant has never lived in the state of
California, or conducted business there. Defendant holds an Arizona driver's
license and is registered to vote in Arizona. She has never owned property in
California and lives exclusively in Arizona. Defendant clearly has not
purposefully availed herself of the privilege of conducting activity within
California.

Ms. Thaler denies the allegations made by Plaintiff in his Complaint, as
provided in detail in her affidavit in support of this Motion, attached hereto as
**Exhibit A** and incorporated herein fully by reference. However, even if every
controverted allegation and conflict is resolved in Plaintiff's favor, each and

1 every allegation contained in the Complaint occurred only in Arizona. Even if

2 the allegations contained in the Complaint are proven true, they still are not

3 sufficient to satisfy the purposeful availment requirement for the exercise of

4 personal jurisdiction in California. Plaintiff does not allege a single act

5 committed by Ms. Thaler that caused damage outside of Arizona. Therefore,

6 Plaintiff has failed to establish a prima facie case for personal jurisdiction over

7 Ms. Thaler in California.

8       Wherefore, Defendant, Ms. Thaler humbly requests that the Court dismiss

9 this action against him with prejudice.

10       Dated: Thursday, June 03, 2021.

11                   Respectfully Submitted:

12

13                   *Brittany R Thaler*
Brittany Thaler
Defendant, in proper person

14 **ORIGINAL** e-filed June 3, 2021, with:

15 Clerk of Court
United States District Court

16 for the Central District of California

17 **COPY** mailed this same date to:

| John J Stanley | John Harris Thaler |
| --- | --- |
| John J Stanley and Associates | 2510 E. Sunset Blvd. Suite 6 |
| 5200 Lankershim Boulevard Suite 850 | Las Vegas, Nevada 89120 |
| North Hollywood, CA 91601 | ATTORNEY TO BE NOTICED |
| LEAD ATTORNEY | (as per Summons) |
| ATTORNEY TO BE NOTICED | |

21              /s/ Brittany Thaler