Brittany Thaler
9502 E. Olla Cir
Mesa, AZ 85212
Tel: PROTECTED INFORMATION
Email: bthaler@iprotech.com
Defendant, in proper person

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN H. THALER, | Case No.: CV-21-01419-PHX-MHB |
| Plaintiff, | **MOTION TO DECLARE JOHN THALER A VEXATIOUS LITIGANT** |
| vs. | |
| BRITTANY RAE THALER, et al. | (The Honorable Douglas Reyes) |
| Defendants. | |

I, Brittany Thaler, representing myself, move this Court to declare Plaintiff John Thaler ("Thaler") a vexatious litigant. I make this motion pursuant to the *All Writs Act, 28 U.S.C. § 1651(a)*.

**I.  INTRODUCTION AND FACTUAL BACKGROUND.**

The vexatious litigant codes were written with litigants like Thaler in mind. Thaler is a convicted criminal; on August 24 and 25, 2021, at a trial at which he didn't even bother to appear, Thaler was convicted on three counts of

violating an order of protection against me, his ex-wife, under A.R.S. § 13-2801(A)(2). *See* Victim Letters, attached as **Exhibits A-C**.[1] And Thaler should know better. He is a licensed attorney in California. Yet he has spent the past 20 months attempting to bankrupt, harass, and harangue me – a technical trainer who is 23 years his junior with a fraction of his financial and legal resources – by using the judicial system, and his own legal experience as a thirty-year lawyer, against me. To date, I have incurred over $110,000 in fees defending myself against this onslaught of judicial abuse. As clearly illustrated below, Thaler is flagrantly abusing the legal system and tying up judicial resources that ought to be expended elsewhere. The court should deem him a vexatious litigant.

On December 13, 2019, I filed for divorce from Thaler in Maricopa County, Arizona. The decree of dissolution of marriage was entered on January 8, 2021, *see* Decree of Dissolution of Marriage attached as **Exhibit D**, but not before Thaler had engaged in a year-long campaign of harassment against me and abuse of the judicial process. Indeed, Thaler filed so many frivolous motions that the court entered a minute entry ordering that I "do[] not have to respond to any further motions from [Thaler] until the Court has reviewed [Thaler's] motions going forward and determines that a response is warranted. The Court takes this

---

[1] Thaler was convicted in CR2020-047858, 2021-018183, and 2021-018310. My Victims Advocate informs me that until sentencing, the letters are the best evidence of these convictions.

action due to the repetitive nature and claims contained in [Thaler's] motions." *See* September 2, 2020 Minute Entry attached as **Exhibit E**.

Thaler's bad conduct was well documented in the divorce decree. The court found that Thaler, among other things:

- Refused to engage in reasonable negotiations. *See* Exhibit D at 2.

- Filed frivolous pleadings. *Id.*

- Engaged in inappropriate and unreasonable behavior. *Id.*

- Was in a state of mental health that was questionable and of serious concern. *Id.* at 2, 3, 8.

- Failed to complete and even blatantly refused to engage in court-ordered psychological evaluation. *Id.* at 3, 8, 15.

- Filed pleadings and made comments towards me, the Court, and opposing counsel that were extreme, disrespectful, delusional and erratic. *Id.* at 2, 8.

- Intentionally misled the court by making baseless and unfounded allegations, including allegations that I and the court itself were involved in a scheme to defraud Thaler, in an effort to persuade the court to enter rulings favorable to Thaler. *Id.* at 4.

- Made claims that did not appear to be "tethered to reality," and was "aggressive, vulgar, and belligerent" towards all parties involved in the case, as well as the court. *Id.* at 8.

- Acted in a manner that could seriously endanger the wellbeing and safety of his child. *Id.* at 8.

- Filed pleadings that were "incoherent/delusional," solely for the purpose of threatening and harassing everyone involved in the case. *Id.* at 13.

The court sanctioned Thaler and ordered him to pay me more than $90,000 in legal fees and costs. *See* orders attached as **Exhibits F-H**. The court granted me

sole legal decision-making authority over our minor son and granted Thaler supervised parenting time only. *See* Exhibit D at 7-8.

But in spite of the court's scathing rebuke of Thaler's conduct, Thaler was undeterred. Shortly after the court entered the decree of dissolution, Thaler filed an unsolicited ex parte communication claiming, with no evidence, that the divorce decree had been forged by my attorney. *See* **Exhibit I**. And then, in a last-ditch effort to avoid the consequences of his actions, Thaler moved to have his judge disqualified and all orders set aside; the motions to disqualify were unsurprisingly denied. *See* **Exhibits J-L**. The remaining flurry of motions were denied July 1, 2021.

While the divorce case was pending, Thaler engaged in harassing conduct toward me even outside the confines of the case, resulting in a judge of the Gilbert Municipal Court entering an order of protection against him on November 12, 2020. *See* Exhibit D at 5. I had also previously obtained an Order of Protection through Maricopa County Superior Court on December 12, 2019. Thaler violated the orders of protection on numerous occasions and had 26 encounters with the Mesa Police Department between December 13, 2019 and the date of the divorce decree that involved "charges/allegations of interference with judicial proceedings, custodial interference or an Order of Protection." *Id.* He was recently convicted of three counts of violating that Order, as discussed above.

Apparently not satisfied with abusing Arizona's legal system, on December 18, 2020, just three weeks before the divorce decree was entered in Maricopa County, Thaler sued me in Clark County, Nevada, seeking a divorce and custody of our child. *See* **Exhibit M**. What makes this lawsuit particularly troubling is that I have no connection to the state of Nevada; according to the Complaint, Thaler had moved there at some point prior to filing suit. *Id.* at ¶ 1. In the Complaint for Annulment that Thaler filed in the Clark County court, he baselessly claimed that I had committed polygamy and fraud, and made a number of other false statements in an effort to gain custody of his child, despite the Maricopa County court having already decided this issue. *Id.* at ¶ 2. In particular, Thaler accused me and my family of being "career criminals" who engaged in "real estate fraud, money laundering, insurance fraud, mortgage fraud, tampering with official records, bribery, forgery and extortion." *Id.* at Attachment 2A. None of these allegations has the remotest basis in truth. Much like Thaler's conduct during the divorce proceedings, these allegations were not "tethered to reality."

Then on March 1, 2021, Thaler sued me in California State Court, despite me having no ties to California either. *See* **Exhibit N**. As in the Nevada suit, he alleged that I and my family were conducting an elaborate criminal enterprise involving insurance fraud, skimming money from the state, narcotics sales, and money laundering. *Id.* at ¶¶ 9 12-31. The California court recently dismissed that lawsuit for lack of jurisdiction. *See* **Exhibit O**.

And on April 2, 2021, Thaler filed suit against me and others in Federal court in the District of Central California. *See* **Exhibit P**. In this 83-page complaint, Thaler makes similar spurious allegations to those he made in Nevada and California state court, as well as claims that I participated in election fraud in the recent 2020 Presidential Election. *Id.* at ¶¶ 43-78. That case was recently transferred to this Court because, as Judge Fischer correctly acknowledged, "the lack of venue [in California] is obvious and will cause a massive waste of Defendants' and the Court's resources." *See* **Exhibit Q**, at 2. Judge Fischer also correctly pointed out that even in addressing the venue issue, Thaler "filed responses" that were "largely irrelevant to the issue" and did not "provide any support" for Thaler's position. *Id.* at 1-2. That has been Thaler's M.O. throughout.

Thaler has made it clear that he will not stop his bullying of me or his abuse of the legal system until this Court makes him. I respectfully request, therefore, that the Court deem Thaler to be a vexatious litigant.

## II. Legal Analysis.

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although such orders should only be entered "after a cautious review of the pertinent circumstances," nevertheless, "flagrant abuse of the judicial process cannot be

tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* Accordingly, there are four factors for district courts to examine before entering pre-filing orders:

> First, the litigant must be given notice and a chance to be heard before the order is entered. . . . Second, the district court must compile an adequate record for review. . . . Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. . . . Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

*Id.* (internal citations omitted).

The four factors apply here. Thaler has been given notice and an opportunity to be heard. I have provided an adequate record for review. And there is no question that the facts I have presented show that Thaler's litigation efforts are intended solely to harass me and are utterly frivolous. Indeed, the Maricopa County court recognized as much during the divorce proceedings, and since the divorce decree was entered, Thaler has filed three additional lawsuits making the same kinds of "baseless and unfounded allegations" that he made in Arizona, allegations that simply are not "tethered to reality."

Lastly, the Court must enter an order that is "narrowly tailored to closely fit the specific vice encountered." Here, Thaler has a pattern of filing lawsuit after lawsuit and motion after motion, all of which force me to incur the cost and

emotional stress of responding. Accordingly, I request that the Court enter an order that Thaler must seek leave of court before filing any lawsuit or motion. And in the event that Thaler disregards that order, I request that the Court enter an order that I need not respond to any pleading, motion, or other paper filed by Thaler unless the court finds that a response is warranted.

As to the latter form of relief, every court has the inherent authority to manage its own docket. *See, e.g., Buzzard v. Wengler*, 395 Fed. Appx. 373, 374 (9th Cir. Sep. 7, 2010). So, as the Maricopa County court recognized, the Court may enter such an order *sua sponte* even without a motion from me. *See* Exhibit B. Such an order would prevent Thaler from continuing to use litigation as a bullying tactic but would still allow him to seek legal relief if and when he files something legitimate.

### III. Conclusion.

For all the reasons stated herein, I humbly request that the Court enter an order that Thaler must seek leave of court before filing any lawsuit or motion. And in the event that Thaler disregards that order, I request that the court enter an order that I need not respond to any pleading, motion, or other paper filed by Thaler unless the court finds that a response is warranted.

Dated: Thursday, September 02, 2021.

Respectfully Submitted:

_____
Brittany Thaler
Defendant, in proper person

ORIGINAL e-filed September 2, 2021, with:

Clerk of Court
United States District Court of Arizona

COPY mailed this same date to:

John Harris Thaler
2510 E. Sunset Blvd. Suite 6-124
Las Vegas, Nevada 89120

Joseph Angelo Sammartino
Heather Rosing
Klinedinst PC
777 South Figueroa Street Suite 2800
Los Angeles, CA 90017

Stephen W. Tully
Hinshaw and Culbertson LLP
2375 East Camelback Road Suite 750
Phoenix, AZ 85016

/s/ Brittany Thaler_____