Brittany Thaler
9502 E. Olla Cir
Mesa, AZ 85212
Tel: PROTECTED INFORMATION
Email: bthaler@iprotech.com
Defendant, in proper person

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN H. THALER, | Case No.: CV-21-01419-PHX-MHB |
| Plaintiff, | **RESPONSE TO PLAINTIFF'S MOTION TO DISMISS HIS OWN COMPLAINT** |
| vs. | |
| BRITTANY RAE THALER, et al. | |
| Defendants. | |

I, Brittany Thaler, representing myself, request that the Court deny Plaintiff's motion to dismiss his own complaint, so that my pending vexatious-litigant motion (Dkt. 64) can be ruled on.

First, under Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss a lawsuit only when he either files his notice of dismissal before the defendants serve an answer or on stipulation of all parties. *See* Fed. R. Civ. P. 41(a)(1)(A). Where, as here, the defendants have answered, and do not stipulate to dismissal, voluntary dismissal is permitted only "by court order,

on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced," or "unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). While conditioning a voluntary dismissal on payment by the plaintiff of defendant's costs and fees is not mandatory, "costs and attorney fees are often imposed upon a plaintiff" under these circumstances, *Id.*

The Court should not enter an order of dismissal here because Plaintiff seeks dismissal only so he can bring a lawsuit even more vexatious than this one wherein a motion to declare him as such have not yet been filed and briefed
It is difficult to believe that Plaintiff's allegations could become any more outlandish than they already are, and yet his motion does in fact achieve that goal. Indeed, Plaintiff wants the Court to dismiss the current complaint not because he recognizes that his claims are baseless, but because he wants to, in his words, sue a "plethora of additional parties," and allege a "plethora" of new facts that would render any amended complaint "no longer . . . recognizable." *See* Dkt. 88 at 2:23-25; 4:13-14.

Plaintiff's motion then sets forth 49 paragraphs of fantasy, in which he alleges that the entire City of Mesa is a "racket," that the city somehow induced me to divorce Plaintiff, that someone attempted to kill Plaintiff by explosion and poisoning, that multiple judges involved in his various cases have accepted

bribes, that Mesa police broke into Plaintiff's home and allegedly assaulted a client who was inexplicably staying there, and more. *Id.* at 4:19-11:15 (¶¶ 1-42).

My motion to have Plaintiff declared a vexatious litigant is pending. It outlines the *many* lawsuits that Plaintiff has filed against me, public officials, judges, lawyers representing them, and others. Plaintiff's motion to dismiss provides yet more reason for the Court to grant my motion. Unless the Court does so, Plaintiff will continue to file nonsensical complaints, pleadings and motions, each of which I currently have to respond to, and each of which causes me additional costs, time, stress as Plaintiff abuses the judicial processes and courts' resources.

The Court should deny Plaintiff's motion to dismiss, any leave to amend his complaint that he will likely subsequently file, grant my motion to have Plaintiff declared a vexatious-litigant motion *as soon as possible*, to put an end to these filings. If the Court is inclined to enter an order of dismissal pursuant to Rule 41(a)(2), I request that the dismissal be with prejudice and subject to an award of costs incurred in defending myself in this action. *See, e.g., Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 298 (5th Cir. 2016) (explaining that courts may impose "conditions which will alleviate the harm caused to the defendant," when ruling on a motion for voluntary dismissal, and that "[t]ypical examples of permissible conditions include payment of costs and attorney's fees"). *See also Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 316 n.1 (5th Cir.

2002) (allowing for dismissal with prejudice under circumstances involving contumaciousness like Thaler has demonstrated here).

Dated: Monday, June 20, 2022.

Respectfully Submitted:

*/s/ Brittany Thaler*_____
Brittany Thaler
Defendant, in proper person

**ORIGINAL** e-filed June 20, 2022, with:

Clerk of Court
United States District Court of Arizona

**Served this same day via ECF**
/s/ Brittany Thaler_____