**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John H Thaler, | No. CV-21-01419-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Brittany Rae Thaler, et al., | |
| Defendants. | |

Plaintiff John Thaler, a licensed attorney, initiated this case in the United States District Court for the District of California. (Doc. 1.) His 83-page complaint named as defendants a slew of persons and entities, nearly all of whom are citizens of Arizona and none of whom are citizens of California. Defendants Brittany Rae Thaler and Dawna Rae Chavez each appeared specially and moved to dismiss for lack of personal jurisdiction. (Docs. 9, 11.) The district court later issued an order directing Mr. Thaler to show cause why the case should not be dismissed or transferred to the District of Arizona for lack of venue. (Doc. 45.) Mr. Thaler failed to persuade the district court that the Central District of California was a proper venue, resulting in an order transferring the case to this Court. (Doc. 50.) After receiving the case, this Court dismissed Mr. Thaler's claims against one defendant on the basis of judicial immunity, and against all other defendants except Ms. Thaler and Ms. Chavez due to lack of service. (Docs. 60, 76.)

Ms. Thaler then filed motions to dismiss (Doc. 68) and to declare Mr. Thaler a vexatious litigant (Doc. 64). Ms. Thaler also filed an objection to Mr. Thaler's first amended complaint (Doc. 85), which the Court construes as a motion to strike. Ms. Chavez joined in the latter two motions. (Docs. 69, 86.) Subsequently, Mr. Thaler filed a motion requesting that the Court dismiss this case because he intends to file a different lawsuit based on new information. (Doc. 88.) Mr. Thaler's motion is internally inconsistent, however, because on page 12 he asks for a dismissal without prejudice, but on page 14 he requests a dismissal with prejudice.

Given Mr. Thaler's recent filing, all parties agree that this case should be dismissed in some fashion. The Court will grant Ms. Thaler's motion to dismiss this case with prejudice because this case is frivolous. Mr. Thaler's prolix complaint alleges that Ms. Thaler, motivated by a fear a poverty, has engaged in an array of criminal enterprises across multiple states, including money laundering and tax evasion, allegedly accomplished via real estate transactions and non-profit organizations; insurance fraud, allegedly accomplished via phony personal injury claims made on behalf of non-existent persons; skimming money from state-run aid programs; narcotics trafficking; hacking into state databases and fabricating public records; bribing public officials, including judges, police officers, judicial assistants, inspectors, assessors, and accountants; bribing private professionals, such as real estate agents and brokers; bankruptcy fraud; election fraud, allegedly accomplished by creating fake ballots and manipulating others in order to influence, among other races, the 2020 election for Maricopa County Recorder; extortion via "crypto-viruses"; the creation of fake employees on payroll systems in order to collect paychecks and benefits; and murder. What's more, Mr. Thaler alleges that high-ranking government and judicial officials in Maricopa County and the City of Mesa are in on the racketeering enterprise. Mr. Thaler's complaint weaves a delusional and fantastical narrative that does not comport with federal pleading standards. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (case is frivolous if the facts alleged are "clearly baseless" in that they are "fanciful," "fantastic," and/or "delusional").

This leaves, Ms. Thaler's motion asking the Court to declare Mr. Thaler a vexatious litigant. Although the Court has the authority to enjoin abusive litigants from future access to the courts, that authority should be exercised only rarely. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Before imposing such an injunction, the Court must provide the litigant with notice of the impending injunction and an opportunity to oppose it. *De Long*, 912 F.2d at 1147. The Court must also develop an adequate record for review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* The Court must make a substantive finding of "the frivolous or harassing nature of the litigant's actions." *Id.* at 1148 (quotation and citation omitted). Litigiousness alone is not enough; the court must consider "both the number and content of the filings." *Id.* (quotation and citation omitted).

Here, the Court has concerns about the frivolous and potentially harassing nature of Mr. Thaler's filings. With that said, as far as this Court can tell, this is Mr. Thaler's first federal lawsuit. Although he recent filed a second—*Thaler v. Chavez, et al*, No. 2:22-cv-00749-JAT-JZB—the Court finds it is premature to impose the strong and rare remedy of an abusive litigant injunction. There currently is not a sufficient record of frivolous and harassing lawsuits against Ms. Thaler in this district. However, should Mr. Thaler continue filing similar delusional and fantastical complaints against Ms. Thaler, this order may serve as part of the record that might one day support issuance of an abusive litigant injunction. For now, though, the Court denies the request.

**IT IS ORDERED** that Ms. Thaler's motion to dismiss, which Ms. Chavez joins, (Docs. 68, 69) is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Ms. Thaler's motion to declare Mr. Thaler a vexatious litigant (Doc. 64) is **DENIED**.

/ / /

/ / /

/ / /

1   **IT IS FURTHER ORDERED** directing the Clerk of the Court to deny as moot any remaining motions and terminate this case.

Dated this 17th day of June, 2022.

Douglas L. Rayes
United States District Judge